UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

George ALEXANDER     PLAINTIFF

v.     CIVIL ACTION NO. 3:18-CV-288-CRS

Tareka MORGAN, et al.     DEFENDANTS

**MEMORANDUM OPINION**

**I.**     **Introduction**

This case is before the Court following an order to show cause. DN 17. The Court entered the order because it had "grave concerns about the propriety of ruling on issues surrounding ongoing state proceedings or final state proceedings which have not been appealed to the courts of the Commonwealth of Kentucky." *Id.* at 5. Defendants Laura Taylor, Lauren Ingram, and Tareka Morgan, along with Plaintiff George Alexander, responded. DNs 21, 23, 24.[1] Defendant Shante Franklin has not. These issues are ripe for review. Finding that the exercise of federal jurisdiction in this case offends the abstention doctrines of *Younger*, *Colorado River*, and *Burford*, this Court will *sua sponte* dismiss the claims and deny all other pending motions as moot.

**II.**     **Factual Background and Procedural History**

Tareka Morgan gave birth to a child, K.M. DN 1 at 3. George Alexander was present at the hospital during the birth. *Id.* Alexander refused to provide information for an acknowledgment of paternity form and alleges he later entered into an oral agreement with Morgan to provide medical insurance and $300 per month placed on a prepaid debit card in lieu

---

[1] Morgan responded late and has moved the Court to accept her late filing. DN 22. Since Alexander filed late as well (DN 24), and the Court wishes to hear all arguments surrounding the order, that motion will be granted.

of child support. *Id.* This arrangement continued for about three months until Morgan and Alexander began to disagree on how the money was being spent. *Id.* Alexander alleges that Morgan then threatened to pursue child support, an endeavor he believes was fraudulent. *Id.* at 3–4. Eventually, the matter came to the Jefferson Circuit Court Family Division.

There, two proceedings occurred. The first, 13-J-503960, established Alexander's paternity. DN 21 at 1. The second, 14-CI-502980, was initiated by Alexander and sought custody, visitation, and support. *Id.* at 2. As a result of the second proceeding, Alexander was ordered to pay $450 per month in child support, which was eventually increased to $747 per month. *Id.* During this process, Alexander was represented by counsel and present at the hearings. *Id.*

At that point, Alexander made his initial foray into this Court. On February 17, 2017, Alexander filed a complaint against the Commonwealth of Kentucky Cabinet for Health and Family Services and several employees of the Jefferson County Attorney's Office, including Laura Taylor (a Defendant in the current action), in their official capacities. There, he claimed the defendants "fraudulently obtained his signature on an acknowledgement-of-paternity form and forced him to pay money for child support." *Alexander v. Ky. Cabinet for Health & Family Servs.*, 3:17-CV-101-DJH-DW, 2017 WL 4570309 at *1 (W.D. Ky. July 28, 2017). Following motions to dismiss, the case was dismissed with prejudice on the grounds of immunity and failure to state a claim. *Id.* This order was affirmed by the Sixth Circuit on appeal. *Alexander v. Ky. Cabinet for Health & Family Servs.*, 17-5879, 2018 U.S. App. LEXIS 4077 (6th Cir. Feb. 20, 2018).

Now Alexander, proceeding *pro se*, has returned to this Court to allege that Defendants participated in "racketeering, commingling, and conspiracy against rights" through the state child

custody and support program. DN 1, p. 6. Concerned with interfering in the state court proceedings, this Court issued the order to show cause which is now under consideration. DN 17.

**III.     Discussion**

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. However, the Supreme Court has recognized various types of abstention, placing constitutional or prudential limits on the federal courts' exercise of jurisdiction over cases or controversies that could have been, were, or are being brought in state courts. For example, federal courts will not rule on a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law. *See Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Federal courts will also abstain where there are difficult questions of state law, issues of great public importance to the state, or where the state has special expertise. *See Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Abstention is also appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked to restrain ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (extending *Younger* abstention to include civil and administrative cases, as well as criminal). Where there is contemporaneous exercise of concurrent jurisdiction between courts, it is also proper to abstain. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). A related doctrine, though not properly an abstention doctrine, is the *Rooker-Feldman* doctrine, which holds that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 461 (1983).

In this case, the Court was particularly concerned about *Younger*, *Colorado River*, and *Burford*.

### A. *Younger* Abstention

*Younger* abstention is designed to prevent federal courts from interfering with the functions of state courts while preserving equity and comity. *Doe v. University of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). *Younger* permits abstention when there is (1) an ongoing state criminal prosecution, (2) certain civil enforcement proceedings that are akin to criminal prosecutions, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions e.g. contempt proceedings or requiring the posting of a bond. *Id.* at 369. After fitting into one of those categories, the court considers whether: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Id.* (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

#### i. The Initial Inquiry: This Case is a Civil Enforcement Proceeding Akin to a Criminal Prosecution.

The proceeding at issue here is not a criminal prosecution nor does it appear to fit within the category reserved for unique orders in furtherance of state courts' ability to perform their judicial function. Therefore, we turn to the second category: civil enforcement proceedings akin to a criminal prosecution. Indicia of these proceedings can include an investigation and formal complaint, the seriousness of consequences, the availability of a hearing, the introduction of

4

witnesses or evidence, the initiation or involvement of state agencies, and the purpose of the hearing in disciplining, punishing, or adjudicating. *Sprint Comms., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013); *Doe*, 860 F.3d at 370. The crucial factors, however, are the state's involvement and the importance of the state's interest. *See generally Trainor v. Hernandez*, 431 U.S. 434 (1977).

Here, there was a hearing held before a judge with regards to the legal rights and obligations of the parties. Evidence was introduced. Arguments were made. The Jefferson County Attorney's Office, a branch of the Commonwealth of Kentucky, even intervened to argue against Alexander. Ultimately, Alexander was ordered to pay a sum of money to Morgan. Under those circumstances, it seems sufficiently criminal-like to justify an inquiry under *Younger*.

This is particularly true when considering the massive importance of the state's interest in child custody and support proceedings. *See e.g. Kenner v. Morris*, 600 F.2d 22, 24 (6th Cir. 1979) (permitting *Younger* abstention where there were allegations of discrimination in a child custody and support proceeding without discussing the nature of the proceedings); *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("It is true that no underlying criminal proceedings are present. However, the state's interest in preserving the integrity of its contempt proceedings, as well as its domestic relations cases, requires us to analyze this case under *Younger*.") (internal citations omitted).[2]

---

[2] The Sixth Circuit has held that *Younger* is inapplicable when there are federal questions that do not "entangle us in the merits of the state child support proceedings, and accordingly we may answer them without treading on protected state interests." *Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015). Specifically, on that issue, the Sixth Circuit stated:
> [U]nlike other cases where we have abstained from addressing child support issues, Alexander does not ask us to regulate "the day-to-day conduct of state hearings," assess the constitutionality of procedures used in those hearings, or opine on the merits of the child support determination. *See Tindall v. Wayne Cty. Friend of Court*, 269 F.3d 533, 539–40 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 418–21 (6th Cir. 1995); *Mann v. Conlin*, 22 F.3d 100, 101–03, 105–06 (6th Cir.1994); *Sevier v. Turner*, 742 F.2d 262, 269–71 (6th Cir. 1984). This case does not require the sort of "unduly intrusive interference with" a pending state case, *see Sevier*, 742 F.2d at 270, that typically justifies *Younger* abstention.

*Id*. at 1207. In this case, however, the merits of the state court child support proceedings are directly challenged as to their validity and with respect to the claimed burdens they imposed on the Plaintiff. Alexander's requested remedy

### ii. Pending State Proceedings

The federalism concerns are greatly exacerbated because Alexander did not appeal the decision of the state court to the appellate courts of the Commonwealth of Kentucky. The Supreme Court has stated that, "[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." *New Orleans Public Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 369 (1989). As a result, "a party may not procure federal intervention by terminating the state judicial process prematurely—forgoing the state appeal to attack the trial court's judgment in federal court." *Id.* Put simply, a "necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court." *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)).

Further, in Kentucky, child custody and support orders are subject to modification at any time. KY. REV. STAT. § 407.5205(1) ("A tribunal of this state that has issued a child support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order . . . ."). As a result, it remains a pending forum for Alexander to bring his complaints and precludes this Court's exercise of jurisdiction. *See Etlin v. Dalton*, 673 F.2d 1309 (4th Cir. 1981) (applying identical statute from Virginia to justify *Younger* abstention).

---

indicates his true motive. Specifically, he requests "an injunction or rescission from the child support program" as well as monetary damages from the wage garnishment and tax withholding pursuant to the state court's order. DN 1 at 4, 11, 15. In undertaking such a review of the procedures employed and the decisions rendered by the state child support court, this Court would be entangled in the merits of the state courts' rulings.

### iii. Important State Interest

A state has a compelling and overriding interest in administering its child custody and support systems. The Supreme Court has recognized, in the context of state child custody and support proceedings, that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Following that lead, the Sixth Circuit has repeatedly recognized that "abstention is generally appropriate in matters of family relations such as child custody." *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (citing *Moore*, 442 U.S. at 435; *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) ("These traditional domestic relations issues qualify as important state issues under the second element of *Younger*."); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (applying abstention to ongoing domestic relations cases)).

### iv. Adequate Opportunity to Address his Constitutional Claims

The Supreme Court has made it clear that, in the area of domestic relations, "state processes are [equal] to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435. The Court believes Alexander would be able to present his constitutional claims to the state court or to appeal to the Courts of the Commonwealth of Kentucky. However, he has made no attempt to have the child custody and support orders modified and has not sought such an appeal.

### v. Bad Faith and Harassment Exceptions

The only challenge Alexander makes to this Court's abstention under *Younger* rests on his assertion that the actions of Defendants were harassing or in bad faith. DN 24 at 7. It is clear that bad faith, harassment, and a patently unconstitutional statute are "exceptional circumstances" that warrant a disregard of *Younger* abstention. *Younger*, 401 U.S. at 53–54. Use

of such an exception is "exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Tindall v. Wayne Cty. Friend of Court*, 269 F.3d 533, 539 (6th Cir. 2001). Again, "[w]here there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in Younger require that a criminal defendant must first exhaust his state appellate remedies before seeking relief in the District Court." *Id.* at 539–40 (quoting *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987)).

Exercising jurisdiction over this case would cause this Court to sit as an appeals court over the decision of the state court and rule that the decision made by it was incorrect. That is far from the correct province of this Court. Alexander was provided the opportunity to defend himself and present his claims in the state court. He did so and declined to appeal the adverse decision. Now he asks this Court for a second bite at the apple. That is a bite we will not permit. Under the principles of *Younger*, this Court abstains.

This decision is in accord with many courts that have found abstention appropriate where an individual brings a § 1983 suit to enjoin or modify state child custody and support proceedings. *Etlin v. Dalton*, 673 F.2d 1309 (4th Cir. 1981) (constitutional challenge to child custody and support award dismissed under *Younger*); *Anthony v. Gerald Council*, 316 F.3d 412, (3d Cir. 2003) (dismissing constitutional claim that counsel must be provided in child custody and support proceeding based on *Younger*); *Parker v. Turner*, 626 F.2d 1, (6th Cir. 1980) (abstaining under *Younger* from a constitutional challenge to state child support proceedings); *Henkel v. Bradshaw*, 483 F.2d 1386, 1388, n. 5 (9th Cir. 1973) (abstaining based on pending contempt proceeding for failure to pay child support). However, even if Younger were not

available, the Court thinks that abstention would still be appropriate under *Colorado River* or *Thibodeaux/Burford*.

B. *Colorado River* **Abstention**

In *Colorado River*, the Supreme Court discussed various types of abstention doctrine, including *Pullman*, *Thibodaux/Burford*, and *Younger*. 424 U.S. at 813–17. Finding those all too hot or too cold for the case at hand, the Supreme Court set out a new type of abstention. The Court noted that "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions." *Id.* at 817. This rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

The Supreme Court then laid down a list of non-exhaustive considerations, including inconvenience of the federal forum, desirability of avoiding piecemeal litigation, and the order in which jurisdiction was achieved. *Id.* at 818. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. *Id.* at 818–19.

The Sixth Circuit, when determining whether *Colorado River* abstention is appropriate, considers:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal, (6) the adequacy of the state court action to protect the federal plaintiff's rights, (7) the relative progress of the state and federal proceedings, and (8) the presence or absence of concurrent jurisdiction. These factors, however, do not comprise a mechanical checklist.

Rather, they require "a careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand.

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340–41 (6th Cir. 1998).

Here, jurisdiction was clearly first vested in the state court. Since then, as noted above, it has remained vested in the state court. *See* KY. REV. STAT. § 407.5205(1). While the source of law is federal (§ 1983), the underlying concern is relating to procedural due process. On that issue, the state fora are clearly adequate to hear Alexander's complaints, although he has declined to try. If he is discontented with the family court's determinations relating to that process, the proper avenue is to appeal to the Kentucky appellate courts. Finally, a ruling from this Court on this issue could create piecemeal litigation, as it would be unclear which court's rulings were dispositive and on which issues this Court could rule. Therefore, we find abstention also appropriate under *Colorado River*.

This is in accord with other courts which have recognized that "federal courts generally dismiss cases involving . . . child custody . . . child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1998) (citing *Crouch v. Crouch*, 566 F.2d 486 (5th Cir. 1978)). *See also Bailey v. Montana Dep't of Health and Human Servs.*, 08-152-M-DWM-JCL, 2009 WL 330280, at *1 (D. Mont. Feb. 4, 2009); *Creekbaum v. Creekbaum*, 2:18-CV-906-JHE, 2018 WL 4035962, at *2–4 (N.D. Ala. Aug. 23, 2018); *Barnes v. Orr*, 13-2025-EFM, 2013 WL 1624433, at *2–3 (D. Kan. March 26, 2013); *Wilson v. Cty. Of Contra Costa*, 14-CV-4726-JCS, 2015 WL 4880996, at *3–4 (N.D. Cal. Aug. 14, 2015).

### C. *Thibodaux/Burford* Abstention

The Supreme Court has noted that:

It is not inconceivable, however, that in certain circumstances, the abstention principles developed in *Burford* might be relevant in a case involving elements of

10

the domestic relationship even when the parties do not seek divorce, alimony, or child custody. This would be so when a case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."

*Ankenbrandt v. Richards*, 504 U.S. 689, 705–06 (1992) (internal citations omitted). Similarly, the Sixth Circuit has noted that *Burford* abstention is appropriate if the federal claim contests the validity of that state court judgment. *Rouse v. DaimlerChrysler Corp*, 300 F.3d 711, 716 (6th Cir. 2002).

Here, Alexander directly attacks the underlying state court judgment. Ultimately, he asks us to modify his child support award. DN 1 at 4, 11, 15. This is clearly without this Court's purview. Due to the complexity of the child custody and support system, in respect of the state courts' jurisdiction, and to defer to the unique knowledge and expertise of the family court judge, this Court finds abstention under *Burford* also appropriate.

Several other courts have utilized *Thibodaux* or *Burford* abstention to decline jurisdiction over cases where the child custody and support systems were implicated. *See Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972); *Diaz v. Diaz*, 568 F.2d 1061, 1062 (4th Cir. 1977); *Giles v. Krumhorn*, 06 C 2517, 2006 WL 2224063, at *2 (N.D. Ill. Aug. 2, 2006); *Addington v. Addington*, H-12-1090, 2013 WL 960629, at *4 (S.D. Tex. March 12, 2013); *Virginia v. SupportKids Servs, Inc.*, 3:10-CV-73, 2010 WL 1381420, at *4–5 (E.D. Va. March 30, 2010).

**IV.    Conclusion**

Abstention is a crucial and important doctrine to preserve our system of federalism and ensure that federal courts do not overstep their boundaries. In this case, Alexander has asked this Court to act as an appeals court and overrule the decision of a state court. That is not the proper

task for this Court. Therefore, the Court will dismiss this case and abstain. As a result, the Court will further deny all other pending motions as moot.

A separate order will be entered in accordance with this opinion.

November 5, 2018

Charles R. Simpson III, Senior Judge
United States District Court